George DesMarteau, Esq. Attorney, Rush Henrietta Central School District
Based upon your letter and a telephone conversation with this office, you ask whether an elected member of the board of education of a central school district is disqualified under Judiciary Law, § 511(2) or (3) from serving as a juror.
Judiciary Law, § 511(2), in pertinent part, disqualifies elected "state, city, county, town or village officers" from serving as jurors. The Judiciary Law contains no definition of those terms. The Public Officers Law, § 2 sets forth a general definition of the term "state officer". The term "state officer" includes "every officer for whom all
the electors of the state are entitled to vote, members of the legislature, justices of the supreme court, regents of the university, and every officer, appointed by one or more state officers, or by the legislature, and authorized to exercise his official functions throughout the entire state, or without limitation to any political subdivision of the state" (Public Officers Law, § 2). Local officers include "every other officer who is elected by the electors of a portion only of the state, every officer of a political subdivision or municipal corporation of the state, and every officer limited in the execution of his official functions to a portion only of the state" (ibid.).
We believe that members of a school board in a central school district are local, rather than State officers. They are elected locally by qualified electors of the school district (Education Law, § 1802,1803, 1804) and are officers of the district (id., §§ 2102, 2103), which is a municipal corporation of the State (General Construction Law, § 66[2]). They are limited in the exercise of their powers and duties in relation to the educational affairs of the district to a portion of the State (Education Law, § 1709, 1804[1]; Public Officers Law, § 2).
Nor, in our view, are school board members "city, county, town or village officers" under Judiciary Law, § 511(2). A school district is a municipal corporation, having a legal status independent of a city, county, town or village. (See, General Construction Law, § 66[2].) The board of education is a corporate body responsible for managing the educational affairs of the district (Education Law, § 1701,1709, 1804[1]). Members of the board are officers of the school district, not of the city, county, town or village in which the district is located. (See, ibid., Art 43, §§ 2102, 2103.)
We conclude, therefore, that members of the board of education in a central school district are not disqualified under Judiciary Law, § 511 (2) from serving as jurors.
Judiciary Law, § 511(3), in pertinent part, disqualifies the "head of a civil department of the * * * state, city, county, town or village government" and "members of a public authority or state commission or board" from jury duty. We believe it follows from our earlier discussion that a school district, being an independent municipal corporation, is not a civil department of the city, county, town or village government and that a school board member is not, therefore, the "head of a civil department" of such units of local government (ibid., §§ 1701, 1709, 1804[1], 2102, 2103; General Construction Law, § 66[2]). Nor, in our opinion, is a school board member the "head of a civil department of the * * * state". Article V, § 2 of the State Constitution provides that "[t]here shall be not more than twenty civil departments in the state government, including those referred to in this Constitution" (emphasis provided). The predecessors to this constitutional provision set forth an actual listing of these departments, including, for example, the Department of Law, Audit and Control, Taxation and Finance, Education, Labor, etc. (see Historical Note to N Y Const, Art V, § 2
[McKinney's, 1969]). Article V, § 4 of the Constitution designates the heads of certain of these departments. The phrase "civil department of the State" commonly refers to these twenty State departments provided for in the Constitution which are operated at the State level by State officers. We believe that the Legislature used that phrase in Judiciary Law, § 511(3) in this same sense. School districts are not one of the twenty civil departments of the State. They are municipal corporations of the State operated at the local level by local officials (Education Law, § 1802, 1803, 1804; General Construction Law, § 66[2]).
We conclude that a school board member is not the "head of a civil department of the * * * state, city, county, town or village government."
We construe the phrase "public authority" as used in section 511(3) as referring to those public benefit corporations created by the Legislature for the purpose of constructing or operating a public improvement. (See, for example, Public Authorities Law, §§ 552[1], 1201[1], 1263[1] and1282[1]; General Construction Law, § 66[4].) A school district is not within the definition of a public benefit corporation (General Construction Law, § 66[2], [4]). We conclude that members of school boards are not "members of a public authority" under section 511(3).
The remaining question is whether school board members are members of a "state commission or board" under section 511(3). In order to answer that question, it is necessary to examine the provisions of former Judiciary Law, §§ 506(2), 598(2) and 664(2), the predecessors to present section 511(3). Those sections designated specific State commissions and boards, the members of which were disqualified from serving as jurors. Specifically, it was provided:
 "Each of the following officers is disqualified to serve as a juror:
* * *
 "* * * members of the state tax commission, members of the state commission of correction, members of the state industrial board, members of the public service and transit commissions, the commissioner of education, the commissioner of agriculture and markets, the commissioner of social welfare, the deputy of each officer specified in this subdivision * * *."
Present section 511(3) replaced this specific language with the general phrase "members of a * * * state commission or board" (L 1977, ch 316). We believe that, in adopting this general language, the Legislature intended that such phrase refer to commissions and boards operated at the State level by State officers, such as those commissions and boards previously specified in former sections 506(2), 598(2) and 664(2). We are of the opinion that a school board, although under the general supervision of the State Education Department (Education Law, § 101, 305), is not a State commission or board. As noted earlier, it is essentially a local board of a municipal corporation of the State operated not by the State, but by local officers (Education Law, § 1802, 1803,1804; see, also, 1955 Op Atty Gen 286).
We conclude that a member of the board of education of a central school district is not disqualified under Judiciary Law, § 511(2) or (3) from serving as a juror.